■ NATIONAL CONTAINER CORPORATION, Appellant, v. ARTHUR LAUFER, Doing Business as ROSLYN PAPER PRODUCTS Co., Respondent. ARTHUR LAUFER, Individually and Doing Business as ROSLYN PAPER PRODUCTS Co., Respondent, v. NATIONAL CONTAINER CORPORATION, Appellant. NATIONAL CONTAINER CORPORATION, Appellant-Respondent, v. ARTHUR LAUFER, Doing Business as ROSLYN PAPER PRODUCTS Co., Respondent-Appellant. ARTHUR LAUFER, Individually and Doing Business as ROSLYN PAPER PRODUCTS Co., Respondent-Appellant, v. NATIONAL CONTAINER CORPORATION, Appellant-Respondent.— Order, entered on July 19, 1963, reversed on the facts and the law, without costs, and judgment directed for plaintiff for goods sold and delivered as demanded in the complaint. Order, entered on July 19, 1963, reversed on the facts and on the law, without costs, and judgment directed dismissing the complaint, without costs, in the action for damages. Plaintiff (National Container Corp., herein National) brought an action for goods sold and delivered. Thereupon defendant (Laufer) brought an action for breach of an agreement for a distributorship. The actions were consolidated for the purposes of trial only. Plaintiff National moved for summary judgment. Defendant Laufer did not contest the merits of plaintiff's claim but relied on its own claim as being a counterclaim in excess of plaintiff's claim. The motion was denied. Then for a period of some five years no further step was taken in either action. By separate motions each side moves to dismiss the other's claim and plaintiff moves for judgment on its claim. While there is little excuse for National's inaction during the period, the fact remains that it has an uncontested claim and is opposed by a claim that Laufer has not seen fit to prosecute. Under the circumstances its right to have that claim dismissed

is indisputable and it should not be penalized by its inaction in waiting for its opponent to proceed. Concur — Breitel, J. P., Steuer and Witmer, JJ.; Stevens and Eager, JJ., dissent in the following memorandum by Eager, J.: We would affirm the orders appealed from. In viewing the position of the plaintiff National Container Corporation in the most favorable light, it was equally chargeable with the defendant Laufer with the laches in the prosecution of the consolidated action. Special Term held that "Both parties herein are equally guilty of lack of diligence in prosecuting their claims." Under the circumstances, the determination here, without a proper consideration of the merits, which on the one hand grants judgment to said plaintiff for goods sold and delivered and on the other hand summarily dismisses defendant's claim for damages for breach of contract, is manifestly unfair. For the purpose of sustaining the orders appealed from, we have a right to look at the record in the County Clerk's office. (8 Carmody-Wait, New York Practice, § 303, p. 740.) The order of Special Term, entered June 26, 1957, consolidated the action of National Container Corporation for goods sold and the action of Laufer for breach of contract "in one action for trial", consolidated the files in said action under a single file with a single index number, and directed that the pleadings in each of said actions should stand. The order further stated that "National Container Corporation shall have the right to open and close". The consolidation of the actions was directed on the motion of the plaintiff National Container Corporation, and, thereby and in view of the order entered by it, it is fair to conclude that it elected to assume the burden of the prosecution of the consolidated action. In October, 1957, it made a motion for judgment on the pleadings, and Special Term denied such motion, saying, "Defendant's claim in his action now consolidated with plaintiff's action * * * enjoys in every respect the position of a counterclaim: Consequently, plaintiff may not have judgment on its claim even though it is admitted. The motion is denied." Thereby, it was made very plain to the plaintiff, National Container Corporation, that the burden was placed upon it to proceed with the trial of the consolidated action. Following the denial of its October, 1957, motion for judgment on the pleadings, the plaintiff, National Container Corporation, instead of properly responding to its burden of duly proceeding for the trial of the consolidated action, took no affirmative steps therein until July, 1963, when it made this motion. Certainly, it should be estopped by its own laches from securing, otherwise than on the merits, a judgment on its claim and a dismissal of defendant Laufer's claim. By virtue of the determination of the court here awarding such relief, the plaintiff, National Container Corporation, has profited by its own laches; and this, in our opinion, does not represent a proper exercise of the discretion which is reposed in the court in the matter of the determination of motions to dismiss for lack of prosecution. (See *Barnard* v. *Postle*, 12 A D 2d 670; *Rosenstein* v. *Rothenberg*, 9 A D 2d 663.) Settle order on notice.